# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WILLIE M. HARRIS,

    Plaintiff,

    v.                                            Case No. 09-C-423

CHRISTINE KULINSKI, SANDRA BUCHOLTZ, and
ANDREW S. RIEDMAIER,

    Defendants.

ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (DOC. #22), DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DOC. #26), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. #29), AND DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE (DOC. #33)

The *pro se* plaintiff, Willie M. Harris, a Wisconsin state prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983. He is proceeding *in forma pauperis* on a due process claim based on allegations that his probation was revoked based on perjured testimony from a police officer, that two of the defendants sought out this testimony, and that all of the defendants were aware of the perjured testimony. There are several motions pending which will be addressed herein.

The plaintiff has filed a motion for appointment of counsel. Although civil litigants do not have a constitutional or statutory right to appointed counsel, the court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at 288. Once this threshold

burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-655 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

In this case, the plaintiff asserts that he has made repeated efforts to obtain a lawyer on his own. Nonetheless, the plaintiff has provided a detailed complaint setting forth his claims, as well as several subsequent filings that are particularly well-organized and clear. Moreover, the issues in this case appear at this stage to be straightforward and uncomplicated. Therefore, at this juncture, given the nature of the case, it appears that the plaintiff is competent to litigate this case himself.

On October 27, 2009, the plaintiff filed a motion for default judgment because the defendants failed to file their answer by October 25, 2009. A review of the docket in this case reveals that the waiver of service of summons form was sent on August 26, 2009, and that the defendants had 60 days from that date to answer, or until October 26, 2009. *See* Fed. R. Civ. P. 4(d)(3) (defendant need not serve an answer to the complaint until 60 days after the request for waiver was sent). The defendants filed their answer on October 26, 2009. Hence, their answer was timely filed and default judgment is not applicable.

On November 13, 2009, the plaintiff filed a motion for summary judgment along with a declaration supporting the motion. As an initial matter, most of the statements set forth in the plaintiff's declaration may not be considered by the court at the summary judgment stage. *See* Fed. R. Civ. P. 56(e)(1) ("A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a

2

paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavit."). Additionally, the plaintiff's motion is premature because the court has not yet issued a Scheduling Order setting deadlines for the completion of discovery and for filing dispositive motions. The court will enter a Scheduling Order promptly. Now, therefore,

**IT IS ORDERED** that the plaintiff's motion to appoint counsel (Docket #22) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for default judgment (Docket #26) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (Docket #29) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion to strike (Docket #33) is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin, this 30th day of December, 2009.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE