UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIE M. HARRIS,

    Plaintiff,

v.                                                 Case No. 09-C-423

CHRISTINE KULINSKI, Parole Agent,
SANDRA BUCHOLTZ, Agent Supervisor, and
ANDREW S. RIEDMAIER, Administrator,

    Defendants.

ORDER THAT THIS CASE BE DISMISSED WITH PREJUDICE EFFECTIVE APRIL 16, 2010, UNLESS THE PLAINTIFF RESPONDS TO THE DEFENDANTS' AMENDED MOTION TO DISMISS PRIOR TO SAID DATE AND GRANTING DEFENDANTS' MOTION TO AMEND/CORRECT ANSWER (DOC. #45)

        A review of this file discloses that the defendants filed an amended motion to dismiss on February 17, 2010,[1] and that copies of the motion and supporting brief were mailed to the plaintiff on that date. Under the applicable procedural rules, the plaintiff's response to the motion should have been filed on or before March 10, 2010. Briefing schedules are set forth in Civil Local Rules 7 and 56 (E.D. Wis.), and parties are expected to comply with the procedures and dates specified in the rules without involvement of the court.

        Court records show that the plaintiff has not responded to the defendants' amended motion to dismiss. Consequently, this action is subject to dismissal.

        On March 9, 2010, the defendants filed a motion to amend/correct answer along with a proposed amended answer in which they seek to delete several affirmative

---

[1] The amended motion to dismiss replaces the defendants' original motion to dismiss, which was filed January 19, 2010. Thus, the original motion is now moot.

defenses and to add two affirmative defenses. As grounds for the motion, the defendants assert that counsel inherited the case from another attorney and recently reviewed the merits of the defenses raised in the action. Upon due consideration, the court finds that the defendants' motion is reasonable and is in compliance applicable procedural rules. *See* Fed. R. Civ. P. 15(a). Now, therefore,

**IT IS ORDERED** that this action be dismissed with prejudice for lack of prosecution effective April 16, 2010, pursuant to Civil Local Rule 41(c) (E.D. Wis.) (copy enclosed) and Federal Rule of Civil Procedure 41(b), unless prior to that date the plaintiff responds to the defendants' motion or establishes just cause for his failure to respond to said motion as required.

**IT IS FURTHER ORDERED** that the defendants' motion to amend/correct answer (Docket #45) is **GRANTED.**

Dated at Milwaukee, Wisconsin, this 25th day of March, 2010.

                BY THE COURT

                /s/ C. N. Clevert, Jr.
                C. N. CLEVERT, JR.
                Chief U.S. District Judge

Civil Local Rule 41(c)
Dismissal for Lack of Diligence

Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. Any affected party may petition for reinstatement of the action within 21 days.